# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| NEGAR  HESSAMI ,<br>          Appellant, | DOCKET NUMBER<br>PH-1221-17-0271-M-2 |
| v. | |
| DEPARTMENT OF VETERANS<br>     AFFAIRS,<br>          Agency. | DATE: April 29, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kellee B. Kruse, Esquire, and R. Scott Oswald, Esquire, Washington, D.C.,
   for the appellant.

Kaitlin Fitzgibbon, Esquire, Buffalo, New York, for the agency.

Shelly S. Glenn, Esquire, Baltimore, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in her individual right of action (IRA) appeal.  Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to VACATE the administrative judge's analysis of whether the agency proved by clear and convincing evidence that it would have taken the same personnel actions in the absence of the disclosures, we AFFIRM the initial decision.

The appellant was employed with the agency as the Chief of Pharmacy Service at the agency's medical center in Martinsburg, West Virginia. *Hessami v. Department of Veterans Affairs*, MSPB Docket No. PH-1221-17-0271-W-1, Initial Appeal File, Tab 1. In her appeal, she alleged that she was detailed out of her position, suspended for 14 days, and demoted to a nonsupervisory position in reprisal for her disclosures concerning the prescribing practices of a particular physician and the effect those practices had on the agency's budget for Hepatitis C treatment. *Id*. at 17-21. After the administrative judge originally dismissed her appeal for lack of jurisdiction for failing to nonfrivolously allege that she made a protected disclosure under 5 U.S.C. § 2302(b)(8), *Hessami v. Department of Veterans Affairs*, MSPB Docket No. PH-1221-17-0271-W-2, Appeal File (W-2 AF), Tab 15, the U.S. Court of Appeals for the Federal Circuit vacated that finding, found that the appellant nonfrivolously alleged that she made a protected disclosure, and remanded the appeal for further adjudication,

*Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1369-71 (Fed. Cir. 2020). On remand, and following a hearing, the administrative judge issued an initial decision finding that the appellant established jurisdiction over her appeal by making sufficient nonfrivolous allegations but concluding that she failed to prove by preponderant evidence that she made a protected disclosure under 5 U.S.C. § 2302(b)(8) that was a contributing factor in her detail, suspension, and demotion. *Hessami v. Department of Veterans Affairs*, PH-1221-17-0271-M-2, Refiled Remand File (M-2 AF), Tab 29, Initial Decision (ID) at 8-18. The administrative judge further found that the agency proved by clear and convincing evidence that it would have taken the same actions even in the absence of the appellant's disclosures, and he denied the appellant's request for corrective action. ID at 18-27.

## The administrative judge correctly found that the appellant failed to establish a prima facie case of whistleblower reprisal.

In the initial decision, the administrative judge considered whether the appellant proved that her disclosures regarding a particular physician's prescribing practices and the effect of those practices on the agency's Hepatitis C treatment budget constituted disclosures of wrongdoing that she reasonably believed evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety pursuant to 5 U.S.C. § 2302(b)(8). ID at 10-18. He analyzed each of these categories of wrongdoing separately and found that the appellant failed to prove by preponderant evidence that she reasonably believed that she was disclosing any of the above-referenced categories of wrongdoing. *Id*.

On review, the appellant challenges the administrative judge's findings as inconsistent with the Federal Circuit's opinion, particularly with respect to the categories of gross mismanagement and a substantial and specific danger to

public health or safety.   Petition for Review (PFR) File, Tab 1 at 14-16.[2] Regarding the claim of gross mismanagement, the Federal Circuit stated in its opinion that "[a] reasonable person could conclude that the [] prescribing practice constituted gross mismanagement because the unjustified higher cost of therapies was likely to have a substantial detrimental impact on the [agency's] ability to complete its mission of providing care to [Hepatitis C] patients because the prescriptions were rapidly depleting" the budget.  *Hessami*, 979 F.3d at 1370. With respect to a substantial and specific danger to public health or safety, the court found that her alleged disclosure "that a specific [G]overnment physician is directing patients to take medications with known risks and side effects for an unnecessarily long period of time, paired with her reasonable belief that there was no clinical justification for doing so, does not represent a 'negligible, remote, or ill-defined peril.'"  *Id*. at 1370 (internal citations omitted).  Thus, the appellant

---

[2] In her petition for review, the appellant also challenges the administrative judge's findings that she failed to prove that she reasonably believed she was disclosing a violation of law, rule, or regulation and a gross waste of funds.  PFR File, Tab 1 at 14-15.   Regarding her argument that she disclosed a violation of a law, rule, or regulation, she argues for the first time on review that the agency's treatment directives constitute a "rule" under 5 U.S.C. § 551(4).  *Id*. at 14.  Generally, the Board will not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence that was not previously available despite the party's due diligence.  *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016).  The appellant has not made such a showing.  In any event, the appellant has not provided any authority demonstrating that the Board has interpreted the word "rule" in the context of the whistleblower reprisal statutes in accordance with 5 U.S.C. § 551(4), and, beyond her bare assertion, she has not explained how the agency's Hepatitis C treatment guidance would qualify under the definition provided there.   Thus, this argument does not provide a basis to disturb the initial decision.  We have reviewed her remaining arguments on review regarding whether her disclosures evidenced a violation of law, rule, and regulation and a gross waste of funds but find that they also do not provide a basis to disturb the initial decision.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and reached well-reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).   The appellant does not specifically challenge the administrative judge's finding that she failed to prove that she reasonably believed she disclosed an abuse of authority, and we discern no basis to disturb that finding here.

argues on review that, based on the Federal Circuit's assessment of her disclosures, she made protected disclosures of gross mismanagement and a substantial and specific danger to public health or safety under 5 U.S.C. § 2302(b)(8).

The appellant's arguments do not persuade us to disturb the administrative judge's finding that she failed to make a protected disclosure. Notably, the court's statements regarding the disclosures were made as a part of a jurisdictional finding and, by definition, did not include a weighing of the record evidence. *See id.* at 1364 (holding that, when determining whether an appellant has nonfrivolously alleged that she disclosed information that she reasonably believed evidenced misconduct under the whistleblower protection statutes, the Board's inquiry should be limited to evaluating whether the appellant has alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face). Indeed, as reiterated in *Hessami*, to establish jurisdiction, an appellant need only assert nonfrivolous allegations—allegations that are not vague, conclusory, or facially insufficient—that she made a protected disclosure that was a contributing factor to a reprisal. *Id*. at 1367; *see* 5 C.F.R. § 1201.4(s). When seeking to prove the merits of a whistleblower reprisal claim, however, an appellant must show by preponderant evidence—the degree of evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue—that she made a protected disclosure that was a contributing factor in a personnel action taken against her. *Smith v. Department of the Army*, 2022 MSPB 4, ¶ 13 & n.7; 5 C.F.R. § 1201.4(q). Thus, at this stage, the administrative judge was tasked— after weighing both parties' evidence— with determining whether the appellant proved by preponderant evidence that she made a disclosure that she reasonably believed evidenced gross mismanagement or a substantial and specific danger to public health or safety. *See Smith*, 2022 MSPB 4, ¶¶ 13-14; 5 C.F.R. § 1201.4(q).

An integral part of a disclosure of gross mismanagement is that the action or inaction disclosed creates a substantial risk of significant adverse impact on the agency's ability to accomplish its mission. *Cassidy v. Department of Justice*, 118 M.S.P.R. 74, ¶ 8 (2012). Here, the agency's mission is to treat its veteran patients. The appellant's disclosure related directly to a physician's practices in treating his patients and did not include allegations that such treatment was ineffective or medically harmful. Thus, the content of the appellant's disclosure failed to demonstrate that the physician's practices were detrimental to the agency's mission to care for and treat veteran patients. W-2 AF, Tab 3 at 21, 23. To the extent the alleged wrongdoing threatened the agency's budget and, by extension, its ability to accomplish its mission, the record also establishes that, given the appellant's position with the agency as the Chief of Pharmacy Service and her involvement in the Hepatitis C treatment program, she would have known that the prescribing practices and their relationship to the budget were constantly under review by the agency's Hepatitis Interdisciplinary Team (HIT), which is comprised of prescribing providers, representatives from the fiscal offices, social workers, nursing staff, and representatives from the pharmacy, and that every dollar and pill was carefully tracked and every prescribing decision thoroughly considered. *Id*. at 20-21, 72-75, 157. Given this oversight and the appellant's familiarity with the same, we discern no error in the administrative judge's finding that the appellant failed to prove that she reasonably believed that the wrongdoing she disclosed evidenced gross mismanagement. ID at 15.

Regarding a substantial and specific danger to public health or safety, although we recognize that the appellant's allegations may have been sufficient to constitute a nonfrivolous allegation of a protected disclosure adequate to establish jurisdiction over her claims in the instant appeal, the Federal Circuit has explained that specific evidence of detailed circumstances giving rise to a <u>likelihood</u> of impending harm is needed to demonstrate by preponderant evidence that a disclosure evidences a substantial and specific danger to public health or

safety. *See Chambers v. Department of the Interior*, 602 F.3d 1370, 1376 (Fed. Cir. 2010). Here, the record does not demonstrate that the appellant could have reasonably believed that impeding harm to the agency, to its patients, or to the public was likely. Again, the record demonstrates that the physician treatment plans for individual patients were regularly reviewed and approved by the HIT and that the agency regularly monitored the effect the high costs of its Hepatitis C treatment plans had on the budget. W-2 AF, Tab 3 at 20-22, 157. Moreover, the appellant conceded that she did not have any information that patients were put at risk by the physician's treatment plan, and she admitted that no patients were denied treatment because of the budget issues she disclosed. *Id*. at 57-58. Accordingly, we discern no error in the administrative judge's finding that the appellant failed to prove by preponderant evidence that she reasonably believed that she disclosed a substantial and specific danger to public safety or health. ID at 15-16.

Based on the foregoing, we agree with the administrative judge that the appellant failed to establish a prima facie case of whistleblower reprisal.[3]

<u>We vacate the administrative judge's finding that the appellant proved by clear and convincing evidence that it would have taken the same personnel actions against the appellant even in the absence of her disclosure.</u>

Although the administrative judge correctly found that the appellant failed to establish a prima facie case of whistleblower reprisal, he nonetheless proceeded to consider whether the agency met its burden of showing by clear and convincing evidence that it would have detailed, suspended, and demoted the

---

[3] In the initial decision, the administrative judge proceeded to consider whether the appellant proved by preponderant evidence that her disclosures were a contributing factor in a personnel action. ID at 18-21; *see Smith*, 2022 MSPB 4, ¶ 13. He concluded that, although the appellant met the knowledge/timing test, she failed to meet any of the other factors relevant to determining whether she met the contributing factor element. ID at 19-21. Although we conclude this finding is in error, *see* 5 U.S.C. § 1221(e)(1)(A)-(B) (providing that the knowledge/timing test is sufficient to meet the contributing factor element), we need not determine the effect of this error because we otherwise agree with the administrative judge that the appellant failed to prove that she made a protected disclosure under 5 U.S.C. § 2302(b)(8).

appellant even in the absence of any protected whistleblowing activity. ID at 21-27 (citing *Carr v. Social Security Administration*, 185 F.3d 1318 (Fed. Cir. 1999)). Because we agree with the administrative judge that the appellant failed to establish a prima facie case of whistleblower reprisal, it was improper for the administrative judge to consider whether the agency met its burden to show by clear and convincing evidence that it would have taken the same action in the absence of the appellant's protected activity. *See* 5 U.S.C. § 1221(e)(2); *Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014), *aff'd per curium*, 623 F. App'x 1016 (Fed. Cir. 2015).[4] Accordingly, we vacate the initial decision's finding that the agency showed by clear and convincing evidence that it would have detailed, suspended, and demoted the appellant even in the absence of her disclosures.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your

---

[4] Although the U.S. Court of Appeals for the Seventh Circuit has disagreed with the Board's decision in *Clarke*, it did so on other grounds. *Delgado v. Merit Systems Protection Board*, 880 F.3d 913, 923-25 (7th Cir.), *as amended on denial of reh'g and reh'g en banc* (7th Cir. 2018).

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives this decision</u>.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.